UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHELLE A.,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

CASE NO. C19-5592 BHS

ORDER AFFIRMING DENIAL OF BENEFITS

## I.     BASIC DATA

Type of Benefits Sought:

    ( ) Disability Insurance

    (X) Supplemental Security Income

Plaintiff's:

    Sex: Female

    Age: 41 on the application date.

Principal Disabilities Alleged by Plaintiff: Bipolar disorder, anxiety, scoliosis, arthritis. Admin. Record ("AR") at 147–48.

Disability Allegedly Began: January 1, 2005[1]

Principal Previous Work Experience: None

---

[1] Plaintiff had a prior application that was denied on November 6, 2013. *See* AR at 143–45. The ALJ considered the denial of benefits prior to this date final and binding. *See* AR at 24.

ORDER - 1

Education Level Achieved by Plaintiff: GED

## II. PROCEDURAL HISTORY—ADMINISTRATIVE

Before Administrative Law Judge ("ALJ") Allen Erickson:

Date of Hearing: May 3, 2018

Date of Decision: June 27, 2018

Appears in Record at: AR at 24–38

Summary of Decision:

The claimant has not engaged in substantial gainful activity since July 29, 2016, the application date. *See* 20 C.F.R. §§ 416.971–76.

The claimant has the following severe impairments: Left knee degenerative joint disease, obesity, and bipolar disorder. *See* 20 C.F.R. § 416.920(c).

The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *See* 20 C.F.R. §§ 416.920(d), 416.925, 416.926.

The claimant has the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 416.967(a), with exceptions. She cannot climb ladders, ropes, or scaffolds. She can occasionally climb ramps and stairs, and occasionally engage in postural activities. She can occasionally use foot controls bilaterally. She can frequently handle/finger with the dominant right hand. She can have occasional exposure to vibration, and extreme cold temperatures. She can understand, remember, and apply short, simple instructions. She can perform routine tasks. She cannot work in a fast-paced, production-type work environment. She can make simple decisions. She can occasionally interact with the general public and coworkers.

The claimant has no past relevant work. *See* 20 C.F.R. § 416.965.

The claimant was a younger individual (age 18–49) on the date the application was filed. *See* 20 C.F.R. § 416.963.

The claimant has at least a high school education and is able to communicate in English. *See* 20 C.F.R. § 416.964.

Transferability of job skills is not an issue because the claimant does not have past relevant work. *See* 20 C.F.R. § 416.968.

Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform. *See* 20 C.F.R. §§ 416.969, 416.969(a).

Before Appeals Council:

Date of Decision: May 10, 2019

Appears in Record at: AR at 1–3

Summary of Decision: Denied review.

### III. PROCEDURAL HISTORY—THIS COURT

Jurisdiction based upon: 42 U.S.C. § 405(g)

Brief on Merits Submitted by (X) Plaintiff   (X) Commissioner

### IV. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the Court may set aside the Commissioner's denial of Social Security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other

ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Id.*

## V. EVALUATING DISABILITY

Plaintiff bears the burden of proving she is disabled within the meaning of the Social Security Act ("Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(3)(A). A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. § 1382c(3)(B); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098–99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. § 416.920. The claimant bears the burden of proof during steps one through four. *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). At step five, the burden shifts to the Commissioner. *Id.*

## VI. ISSUE ON APPEAL

Whether the ALJ erred at step two of the disability evaluation process in failing to find that Plaintiff had a severe right hand impairment.

## VII. DISCUSSION

Plaintiff argues that the ALJ erred at step two in finding that she did not have a severe impairment of her right hand. Pl. Op. Br. (Dkt. # 10) at 2–3. The step-two inquiry is "merely a threshold determination meant to screen out weak claims." *Buck v. Berryhill*, 869 F.3d 1040, 1048 (9th Cir. 2017) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146–47 (1987)). At step two, the ALJ must determine if the claimant suffers from any impairments that are "severe." 20 C.F.R. § 416.920(c). "An impairment or combination of impairments may be found 'not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's work.'" *Webb v. Barnhart*, 433 F.3d 683, 686–87 (9th Cir. 2005) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996)). As long as the claimant has at least one severe impairment, the disability inquiry moves on to step three. *See* 20 C.F.R. § 416.920(d).

Plaintiff has failed to show harmful error. *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) (citing *Shinseki v. Sanders*, 556 U.S. 396, 407–09 (2009)) (holding that the party challenging an administrative decision bears the burden of proving harmful error). The ALJ reasonably interpreted the evidence in noting that Plaintiff's hands were healing well after she fell and injured them in November 2017. *See* AR at 27. Two weeks after the injury, Plaintiff's hands were "healing well." AR at 558. A little over a month after the injury, Plaintiff's provider noted that Plaintiff's hands "look[ed] great."

AR at 552. Plaintiff had full range of motion in both hands. AR at 553. X-rays of Plaintiff's hands from November 3, 2017, and January 5, 2018, showed no injuries from Plaintiff's fall. *See* AR 602, 604. Although there was some evidence that swelling persisted in Plaintiff's right hand, the ALJ reasonably noted that Plaintiff did not seek follow-up care from a specialist. *See* AR at 27. In fact, Plaintiff saw an orthopedic surgeon in January and March 2018 for her left knee condition, and the only mention of her hands was that they were healing from the November 2017 injury. *See* AR at 683–96.

Furthermore, errors at step two generally cannot be considered harmful as long as the ALJ finds that the claimant has at least one severe impairment, and still addresses non-severe impairments when considering the claimant's RFC. *See Buck*, 869 F.3d at 1049 (citing *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012)). The step-two inquiry "is not meant to identify the impairments that should be taken into account when determining the RFC." *Buck*, 869 F.3d at 1048–49. At the RFC phase, the ALJ must consider the claimant's limitations from all impairments, including those that are not severe. *Id.* at 1049. "The RFC therefore should be exactly the same regardless of whether certain impairments are considered 'severe' or not." *Id.* (emphasis omitted).

Here, the ALJ considered the evidence relevant to Plaintiff's right hand injury in formulating the RFC, including Plaintiff's testimony, and the opinion of Anna LaPorte, D.O. *See* AR at 34, 36. Because the ALJ considered that evidence at the RFC phase, and Plaintiff has not challenged the ALJ's consideration of that evidence, *see* Pl. Op. Br. at 1–4, Plaintiff has failed to show harmful error.

# VIII. ORDER

Therefore, it is hereby ORDERED that the Commissioner's final decision denying Plaintiff disability benefits is AFFIRMED and this case is DISMISSED with prejudice.

Dated this 10th day of February, 2020.

BENJAMIN H. SETTLE
United States District Judge